IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHELLE SPANN | § | |
| | § | CIVIL ACTION NO. _____ |
| VS. | § | |
| | § | Judge _____ |
| LANXESS CORPORATION | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. Parties

1. Plaintiff, Michelle Spann, is an individual that is a citizen of the State of Texas.

2. Defendant, Lanxess Corporation, is a foreign corporation doing business in the State of Texas. Defendant may be served with process by serving its registered agent Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### B. Jurisdiction

3. The court has jurisdiction over the lawsuit under the federal question jurisdiction 28 U.S.C. § 1331 because some of the civil actions alleged arise under federal laws prohibiting employment discrimination based on sex pursuant to 42 U.S.C. § 2000e.

### C. Venue

4. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this district. The plaintiff worked for defendant at its location in Orange, Texas, which is within this district. The unlawful employment practice occurred at that location.

### D. Exhaustion of Administrative Remedies

5. Plaintiff timely filed a charge of discrimination against defendant with the Equal

Employment Opportunity Commission ("EEOC"). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit A.

### E. Sexual Discrimination Under Title VII

6. Plaintiff is a female employee protected under Title VII, 42 U.S.C. §2000e(f).

7. Defendant is an employer within the meaning of Title VII, 42 U.S.C. §2000e(b).

8. Defendant intentionally discriminated against plaintiff in violation of Title VII by creating a sexually hostile work environment and ultimately terminating plaintiff because of her gender.

9. Defendant hired plaintiff as an operator technician at its Orange, Texas location on or around January 4, 2012. From the beginning, plaintiff was told by male employees that "women aren't supposed to be back here", that it was "not a woman's job". Plaintiff was the only female employee on that unit. She was the only woman in the unit and there were no women in production or female supervisors. Male coworkers continually asked her why she was even there.

10. Plaintiff made repeated complaints of gender discrimination to her supervisors. The response from her male supervisors was to give her substandard evaluations.

11. Plaintiff contacted the ethics board for defendant and requested help from defendant's human resources department. After her complaint, she was sent on a different all male shift. Plaintiff again received a less than standard evaluation, which resulted in her being placed on probation.

12. Plaintiff's production never suffered and she turned out the same amount of product as the men. Although her male supervisors told her she did not know what she was doing,

they never offered any additional training. Plaintiff did not receive disciplinary action for performance.

13. Plaintiff continued to contact defendant's human resources department, but nothing was done to help plaintiff. Plaintiff sought help from the Equal Employment Opportunity Commission.

14. After contacting the EEOC, plaintiff, already on probation because of the substandard reviews, was suspended after a male employee violated company rules. The male employee attempted to blame plaintiff, but admitted to his supervisors that it was his fault and not plaintiff's error. Despite the man's admission, plaintiff was put on suspension and terminated.

15. Plaintiff contacted the EEOC after her termination to amend her charge to include retaliation due to her termination.

### F. Retaliation Under Title VII

16. Defendant unlawfully retaliated against plaintiff because she opposed a practice made unlawful by Title VII. Plaintiff reported to defendant her opposition to its unlawful discrimination and gender based harassment. Plaintiff's opposition to the practice was a protected activity under Title VII, 42 U.S.C. §2000e-3(a). Defendant then subjected plaintiff to an adverse employment action by giving her substandard evaluations, putting her on probation, and ultimately terminating her employment. A causal link exists between the protected activity and defendant's action. Any other reasons by defendant for the adverse employment action are merely pretexts.

### G. Damages

17. As a direct and proximate result of defendant's conduct, plaintiff has suffered

damages and losses entitling her to the following remedies:

    a. Back pay, including that amount of wages and employment benefits plaintiff would have earned if she had not been subjected to defendant employer's unlawful conduct less any wages, unemployment compensation benefits, or worker's compensation benefits she received in the interim. ("Employment benefits" include sick leave pay, vacation pay, profit sharing benefits, stock options, pension fund benefits, housing or transportation subsidies, bonuses, monetary loses incurred as a result of loss of health, life, dental, or similar insurance coverage.);

    b. Reinstatement;

    c. Front pay, if reinstatement is inappropriate;

    d. Compensatory damages in the past, which include emotional pain and suffering, inconvenience, mental anguish, expenses incurred in seeking other employment, and loss of enjoyment of life; and

    e. Compensatory damages in the future, which include economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

### H. Attorney Fees

18. Plaintiff is entitled to an award of attorney fees, including expert fees, and costs under 42 U.S.C. § 12205 and/or 42 U.S.C. § 2000e-5(k).

### I. Additional Damages

19. In addition to the previously alleged damages (which plaintiff alternatively seeks under this cause of action) plaintiff seeks exemplary damages for defendant's malicious actions, clearly arising from ill will, spite, evil motive and with a purpose to injure plaintiff.

### J. Jury Demand

20. Plaintiff requests a trial by jury.

### K. Prayer

21. For these reasons, plaintiff asks for judgment against defendant for the following:

a. Reinstatement to her prior job and position;

b. Back pay and front pay, including all employment benefits;

c. Compensatory damages in the past, including emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

d. Compensatory damages in the future, including economic losses, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

e. Exemplary damages;

f. Attorney fees and courts costs; and

g. All other relief the Court deems appropriate, at law and in equity.

Respectfully submitted,

BUSH LEWIS, PLLC
595 Orleans Street, Suite 500
Beaumont, TX 77701
409/835-3521
409/835-4194 (Fax)

By: _____
Kenneth W. Lewis
Ken.L@bushlewis.com
Texas Bar #12295300
Stephen L. Townsend
Stephen.T@bushlewis.com
Texas Bar #24071539

ATTORNEYS FOR PLAINTIFF